UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHARY WILLOUGHBY, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 25-1342 (UNA) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court grants the application and, for the reasons discussed below, dismisses the complaint and this civil action.

According to Plaintiff, he has "not received Due Process in several court cases[.]" Compl. (ECF No. 1) at 4. He alleges that an Associate Judge of the Superior Court of the District of Columbia "refused to process" a case," *id*., and that a District Court judge "den[ied his] constitutional right to a trial" by "allow[ing the Defendant in that case] to not be served summons," *id*.[1] After having "go[ne] over every crime committed," Plaintiff asserts that Defendant "will pay for each crime in full, to include[e] x2 for hate crime, x10 RICO, x1000 treason." *Id*.

Plaintiff's complaint borders on the indecipherable and, in any event, fails adequately to allege jurisdiction or a cause of action. To start, only named Defendant is the United States, yet

---

[1] Plaintiff identifies two civil actions. *See* Compl. at 4. Plaintiff filed a Praecipe voluntarily dismissing the Superior Court case. *See Willoughby v. D.C. Gov't*, No. 2022-4306 (D.C. Super. Ct. Feb. 23, 2023). Judge Walton dismissed the district court case without prejudice for want of prosecution. *See Willoughby v. District of Columbia*, No. 23-cv-0594 (D.D.C. Jan. 17, 2024).

1

Plaintiff fails to identify an applicable waiver of sovereign immunity. In addition, he fails to allege that the United States committed an identifiable legal wrong that caused him a compensable injury. Moreover, even if the Court were to construe the complaint to assert claims against the judges that Plaintiff identifies, he would be unable to recover. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Here, accepting Plaintiff's allegations as true, the judges were acting in their judicial capacities in managing the cases before them, even if Plaintiff objects to their rulings. Thus, the judges are entitled to absolute judicial immunity from suit. *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (holding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Fuller v. Mott*, No. 14-cv-711, 2014 WL 1688038, at *1 (D.D.C. Apr. 23, 2014) (dismissing claim for damages against Superior Court judge because he enjoys absolute immunity).

      The Court will, accordingly, dismiss the complaint for failure adequately to allege subject-matter jurisdiction and for failure to allege a claim upon which relief may be granted.

      A separate order will issue.

DATE: May 9, 2025                    /s/
                                        RANDOLPH D. MOSS
                                        United States District Judge